|     |     |
| --- | --- |
| 56  | 41  |
| 58  | 443 |

JEREMIAH TUNISON AND GARRET I. STRYKER v. ELISHA SNOVER.

In an action on the case for damages for breach of a warranty in a sale of peach trees, brought in the Circuit Court, an order of reference was made, and upon the referee's report that there was such a contract of warranty and that it had been broken, and determining the damages

of plaintiff, judgment in his favor was entered.   Upon error, *Held*—
(1) that the cause was not one in which matters of account were in
controversy, and the order of reference was not within the authority
conferred by the provisions of sections 176–180 of the Practice act;
(2) that, as the consent of parties did not appear, the order of refer-
ence was not within any authority conferred by the common law or
the provisions of section 3 of the "Act for regulating references and
determining controversies by arbitration" (*Rev., p.* 34) ; and (3) that
the judgment on the referee's report could not be sustained.

On error to Hunterdon Circuit.

Argued at June Term, 1893, before BEASLEY, CHIEF
JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the plaintiffs in error, *Voorhees & Cotter* and *Chauncy
H. Beasley.*

For the defendant in error, *William H. Morrow* and *H.
Burdett Herr.*

The opinion of the court was delivered by

MAGIE, J.   The action was in trespass on the case com-
menced before the adoption of the fourteenth and fifteenth
rules of this court respecting the style of actions.   The
declaration was upon a warranty of the quality and character
of peach trees sold by plaintiffs in error to defendant in error.
It averred a breach of the warranty and demanded damages
therefor.   The plea was the general issue.

The record shows that the issue so joined was once ineffec-
tually tried, the jury disagreeing, and that at the next term
the court ordered that "all matters of difference between the
parties in this cause be submitted and referred to John L.
Connet, to state and report an account between the parties,
and the amount that may be due from the defendant to the
plaintiff," and that "said referee find separately whether there
was such contract   *   *   *   and a breach thereof as is set
out in plaintiff's declaration, and that he also find the amount
of the damages sustained," &c.

The record further shows that the referee so appointed afterward reported that there was a contract of warranty by defendants to plaintiff and a breach thereof, and that plaintiff had sustained damages by reason thereof to the amount of $748.68. The court below thereupon confirmed the report and entered judgment for the damages reported.

Thereupon this writ of error was brought.

The first assignment of error is directed at the action of the court below in ordering a reference of the issue and entering judgment upon the report of the referee.

By the provisions of sections 176–180 of the Practice act (*Rev., p.. 875*), courts are empowered, *ex mero motu*, to refer causes in which "matters of account are in controversy." Parties to such a cause may, by timely dissent, secure the trial by jury to which they are entitled. But the authority to refer is limited to the class of causes specifically described. In causes of that description power to refer exists, whatever may be the issue on. the record, and the test is the character of the claim. *Gopsill* v. *Hervey,* 5 *Vroom* 435.

But the cause now before us was obviously not of the class specified in these sections of the Practice act. It was an action for breach of warranty, and sought to recover unliquidated damages. It is argued that plaintiff, to establish his damages, would be obliged to prove the amount and value of the crops from the trees he got and compare the same with such crops as would have been produced by trees answerable to the warranty. *Wolcott* v. *Mount,* 7 *Vroom* 262; *S. C.,* 9 *Id.* 496. If this be admitted, such evidence would not be of matters of account, nor would its admission bring the action within the class specified.

The reference, therefore, was not within the authority of the Practice act.

By the provisions of section 3 of the "Act for regulating references and determining controversies by arbitration," approved April 15th, 1846 (*Rev., p.* 34), which is in substance the same as the act of like title passed December 2d, 1794 (*Pat. L., p.* 141), any pending cause may be referred by rule

of court. This seems to be a regulation of the power in this respect possessed by courts under the common law. But it is entirely settled that the power to refer causes, either at common law or under the last-named act, arises only upon the submission and consent of the parties to the cause. 2 *Tidd Pr.* 743; 2 *Sell. Pr.* 246; *Paulison* v. *Halsey*, 9 *Vroom* 488. No court can make such an order *ex mero motu.*

The record proper shows no submission by or consent of the parties to a reference of the cause. There is, therefore, nothing which appears to warrant the making of such an order. Moreover, by the outbranches of the record, brought here by *certiorari*, it does appear that both parties dissented from the order. Under such circumstances the order has no warrant of authority from the common law or the act last cited.

The order of reference was, therefore, wholly without authority, and the judgment entered on the report of the unauthorized referee, is erroneous and must be reversed.

This result renders unnecessary any consideration of other matters urged in argument.