THE AMERICAN SAW COMPANY OF NEW JERSEY v. THE FIRST NATIONAL BANK AT TRENTON.

1. When the sole question is with respect to certain forgeries, there cannot be a compulsory reference ordered by the court by virtue of the statute authorizing such reference when the controversy relates to accounts.

2. Such an issue is not within the terms of the act giving to them their legal signification.

3. Nor could the legislature authorize such a course, as it would impair the right of a trial by jury.

On rule to show cause.

Argued at June Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justice GUMMERE.

For the plaintiff, *Collins & Corbin* and *James Buchanan.*

For the defendant, *Woodbury D. Holt, William M. Lanning* and *Chauncy H. Beasley.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The essential facts to which the law is to be applied are as follows, viz.: The plaintiff was a corporation doing business in the city of Trenton, having its banking account with the defendant. In payment of its manufactured articles sold in various parts of the country, it was in the habit of receiving a large number of drafts and checks, which were usually deposited to its credit in the bank of the defendant, by one Bissell, one of its employes, who to that end was duly authorized. In the course of time the plaintiff discovered that this agent had, as it is alleged, forged its name upon the back of a large number of these checks, and had thereby, instead of depositing the same in the bank for the benefit of the plaintiff, received the money due thereon and applied it to his own use. The drafts and checks thus paid had been collected by the defendant of their respective makers. The suit is for the moneys thus received by the bank.

The declaration contains the common counts, and annexed to it is a bill of particulars, with a heading, in these words, to wit: "The following is a bill of particulars of plaintiff's demand, and a copy of the checks and drafts collected by defendant on a forged and unauthorized endorsement of the name of the plaintiff, the payment of the proceeds of which plaintiff demands as money received for its use."

Following this are copies of the drafts and checks referred to.

The plea of the defendant was the general issue, to which was appended, as a specification of defence, an allegation "that the endorsements upon the checks and drafts in the plaintiff's bill of particulars set out were not forged."

The case in this situation coming on at the Circuit to be

tried, a compulsory reference, by virtue of the statute, was ordered by the court, the parties entering their dissent thereto in the prescribed form.

Before the referee the checks and drafts contained in the bill of particulars were not in dispute, and in his report he thus states the grounds of his decision against the defendant, " that one Isaac F. Bissell was then the secretary of the plaintiff, and as such was authorized to endorse checks and drafts received from the plaintiff's customers in payment for goods sold by the plaintiff to such customers, to be deposited and paid into the plaintiff's account with the defendant, but not otherwise, and was not then lawfully entitled to receive payment of such checks or drafts, of which the defendant then had notice ; that the defendant at the dates and times hereinafter mentioned, without the knowledge, sanction or authority of the plaintiff, paid to the said Isaac F. Bissell, and the said Isaac F. Bissell received from the defendant payment of the checks and drafts' hereinafter mentioned, which were received from the plaintiff's customers in payment for goods sold by said plaintiff to such customers, through a forged and unauthorized endorsement of the plaintiff's name on the back of each of said checks and drafts by the said Isaac F. Bissell."

On the coming in of this report a motion was made to suppress it, which was refused, and on the trial it was received in evidence against the objection of the defendant.

The case is now before the court on a motion for a new trial.

In the briefs of the counsel of the defendant there are three grounds laid for the granting of this motion.

The first of these is that the plaintiff should have been nonsuited when its case was rested.

This contention is based on the proposition that if it be admitted that the money was paid by the bank to Bissell by reason of his forged endorsement, still there was thereby no contractual relation between the bank and the plaintiff, and therefore no ground for the action.   This may well be admitted, but the facts do not stop at this point, for it was

shown that, after such payment, the bank collected upon the checks and drafts the moneys due upon them. As these vouchers were the property of the plaintiff, it is difficult to see why the sums thus obtained did not belong to the plaintiff, and why, under such circumstances, a promise, by intendment of law, did not arise, to pay them to the person thus entitled to them. It is believed that no decision or judicial dictum can be found that, in any degree whatever, is opposed to such a result. The precedent of *Buckley* v. *Second National Bank,* 6 *Vroom* 400, is thoroughly in point, and would have to be overruled in order to sustain this contention of the defence. The other cases which are cited in support of the nonsuit are such obvious misapplications to the facts now before the court upon this record that it is not deemed necessary to discuss them or to explain their irrelevancy.

The verdict cannot be avoided on this ground.

The second proposition is that the order of reference made by the court as above stated, and the reception at the trial of the report of the referee, were legal errors that, of necessity, must illegalize the trial.

In my opinion this objection must prevail.

The reference thus made was void on two grounds—first, the course thus taken was not in pursuance of the statute.

The act referred to provides that "all actions in which matters of account are in controversy may, by rule of court, be referred to some competent person or persons, as a referee or referees, to state and report an account between the parties and the amount that may be due from either party to the other, which report, when confirmed by the court, shall be final and conclusive between the parties, and judgment entered thereon and execution issued in the manner provided by law in cases of reference; but either party may, at the time of entering such reference, enter in the minutes of the court his dissent therefrom, and at the same term in which the report is filed may demand a trial by jury, in which case the action shall be tried by a jury," &c., "and upon such trial the re-:

port of the referee or referees shall be *prima facie* evidence of all the facts therein found and reported," &c.

In the instance now before this court nothing can be clearer than that in this action " matters of account were not in controversy." It is not easy to imagine an example of a case that presents more strongly than the present case a subject of controversy the exact opposite of a controverted account—a controversy touching an account are legal terms that have a definite signification. They denote the necessity of the adjustment and settlement of items some of which are controverted. The subject is illustrated and explained by a perception of such matters of account as are cognizable by a court of equity or that can be embraced in the ancient common-law action of account. No one conversant in the law would venture to suggest that the subject of the present action could be decided by either of these methods. A bill in equity setting it up would have been summarily dismissed, and to embrace it in an action of account would be opposed to all the practice of the courts from the time of the Year-Books to the present moment. It was the difficulty, almost amounting to impossibility, of reckoning by a jury, from a multitude of charges and counter-charges, often intricate and obscure, how the balance should be struck that led to the introduction of the two remedies just referred to, and which, similarly, forms the method and justification for our statutory provision authorizing a reference of such transactions. It was not every affair that could be called an account, in common parlance, that the legislature designed to subject to this mode of procedure, for that would bring within its compass almost the entire field of commercial transactions, but only that fraction of such transactions as is comprised within the term " account" in its legal signification.

From these considerations it results that the order of reference in this case was erroneous, for the reason that the cause of action was not susceptible of such disposition. The gravamen of the issue, as we have seen, consisted of a single fact,

which was whether or not the agent of the plaintiff had committed forgery. If such an issue can be referred to and reported on by a referee, it is difficult to see why any imaginable tort may not be.

My conclusion is that the course thus pursued was not authorized by the statute. In point of fact, this question was settled, so far as this court is concerned, in *Tunison* v. *Snover*, 27 *Vroom* 41.

But even if my construction of this act had been the reverse of that above expressed, the determination of this case would not have been altered. If this statute gives the right of reference, in the manner defined in it, in a case in which the entire dispute is whether or not certain papers have been forged, it would seem entirely plain that it would be void. Such opinion rests on the ground that the procedure prescribed would violate that provision of the state constitution which declares that " the right of trial by jury shall remain inviolate." A trial by jury in this commonwealth is such a one as, in all matters of substance, accords, in this particular, with the practice of the common law, and assuredly no instance can be found in which, under that system, a jury ever sat to review the decision of a referee on the question whether a forgery or similar tort had been committed. When the issue has been whether a tort has been done, no single example can be produced, from the English reports or from those of this state, showing that a jury was required to commence their investigation subject to the limitation that they should receive an official certificate as *prima facie* proof of the facts upon which they were to pass. If this act can be put in force in this sense, then it inevitably follows that the legislature could enable the judge, in a criminal trial, to decide, in the first instance, as to the guilt of the prisoner, and could require that the finding of guilt should be received by the jury as plenary evidence to that effect, unless rebutted. It is presumed that all persons will agree that no one could be tried in that way, and yet the only objection that could be taken to

it would be that such procedure was not, in the constitutional or legal sense, a trial by jury. And yet it is evident that if the decision of the judge in the criminal case cannot be forced upon a jury as *prima facie* proof in the manner stated, neither in a suit *inter partes* can the report of the referee be so capacitated, for the trial by jury is identical in criminal and civil cases. It has from the first always been an essential feature of the trial by the country that the verdict should be, as far as possible, the product of the unbiased judgment of the jury, and perhaps no contrivance could be introduced more adapted to defeat such result than a legislative scheme of placing before the jury the opinion of a person acting under oath, and who may be a man of eminence, whose views would be possessed, almost, of the force of judicial authority. The addition of such a factor would materially change the nature of the trial by jury, considered as a common-law institution, and on that account, in view of the constitution of the state, its introduction would not be within the power of legislation.

The conclusion is that the reference in the case before the court was void.

It is proper to remark that the foregoing views touching the unconstitutionality of the procedure in question have no application to a reference by force of the statute where there is a controversy respecting accounts properly so called. With respect to that subject, at common law, a litigant had no right to a jury trial, the court having authority to turn the matter over to auditors for decision. A party, therefore, cannot complain if a jury trial, after such a proceeding, is awarded him in a modified form. It is therefore deemed that these statutory references are entirely legal when applied to their proper subject.

It is not necessary to consider the other grounds presented on the argument for the consideration of the court.

Let the rule be made absolute in both cases.