THE NEW YORK METAL CEILING COMPANY, DEFENDANT IN ERROR, v. JOHN KIERNAN, PLAINTIFF IN ERROR.

Argued March 8, 1906—Decided November 19, 1906.

1. A suit to enforce a mechanics' lien claim may be the proper subject of a reference under section 155 of the Practice act (*Pamph. L.* 1903, *p.* 579).
2. A case was referred under section 155 of the Practice act, and the referee reported generally that he found for the plaintiff and against the defendant on all the issues; the statement of account in his report was a mere copy of the plaintiff's bill of particulars which was a claim for a single specified sum as the contract price of certain work. To this report the defendant excepted, because it was contrary to law and contrary to evidence. The plaintiff brought on the trial before a jury and rested after offering the referee's report in evidence; the trial judge refused to allow the defendant to produce witnesses upon the ground that no matter of fact was raised by the exceptions which could be laid before the jury. *Held*, that while the exception was very general, it was a sufficient exception to a report in the general terms used in this case.

On error to the Hudson Circuit.

For the defendant in error, *Maximilian T. Rosenberg.*

For the plaintiff in error, *James D. Manning.*

The opinion of the court was delivered by

SWAYZE, J. This is an action upon a mechanics' lien claim. The declaration, as printed, after stating the method in which the defendant was brought into court, proceeds at once to aver that the plaintiff is entitled to a lien; it fails to set forth any cause of action for which he has the lien; this defect is so obvious that it must be due to an omission in printing the case. The bill of particulars annexed, but not referred to in the declaration, discloses that the plaintiff's claim is upon a contract for certain work agreed to be done for a single specified sum. To this declaration the de-

fendant pleaded *non-assumpsit,* and gave notice of a claim that the plaintiff failed to perform the contract and, that the defendant spent $64 in completing the work. Upon these pleadings the Circuit Court sent the case to a referee, as if authorized so to do by section 155 of the Practice act. *Pamph. L.* 1903, *p.* 579. Both parties dissented in the language used under the old Practice act, and doubtless their dissent was sufficient to reserve their right to a trial by jury in the language of the new act. Both parties proceeded to trial before the referee.

The referee's report begins by stating: "I find for the plaintiff and against the defendant, John Kiernan, on all the issues, and I do state the following account between the said parties. The defendant is indebted to the plaintiff as follows:" Then follows a copy of the plaintiff's bill of particulars, omitting, however, a part of the work specified, but stating the fixed contract price for the rest of the work at the same amount as the bill of particulars claimed for the whole work. Upon the coming in of this report the defendant filed exceptions, all but the fourth of which were clearly not the proper subject of such exceptions. The fourth exception reads as follows: "Said report is contrary to law and contrary to evidence." The plaintiff, instead of moving to strike out the exceptions or to confirm the report notwithstanding the exceptions, brought the case on for trial, and at the trial relied upon the referee's report alone to sustain his case. The defendant offered to call witnesses, but the trial judge held that no matter of fact was raised by the exceptions which could be laid before the jury and refused to allow any witness to be sworn for the defence. To this refusal an exception was sealed.

The plaintiff in error first argues that a suit to enforce a mechanics' lien is not subject to reference under section 155 of the Practice act. Section 24 of the Mechanics' Lien act (*Pamph. L.* 1898, *p.* 548) expressly enacts that the practice, proceedings and pleadings shall be conducted and judgment entered as in the Circuit Court to recover money due on contract. We think the language is sufficient to make

section 155 of the Practice act applicable. Although the issue as between the plaintiff and the owner of the building does not necessarily involve any question except whether the building is subject to the lien, it is not the issue to be tried, but the character of the plaintiff's claim, which determines whether the case may be referred. *Gopsill* v. *Hervey,* 5 *Vroom* 435. If the character of the plaintiff's claim is such that matters of account are in controversy, a reference is proper.

It is next argued that the record in this case shows that matters of account were not in controversy. The meaning of the expression "matters of account" has twice been passed upon by the Supreme Court. *Tunison* v. *Snover,* 27 *Vroom* 41; *American Saw Co.* v. *First National Bank,* 29 *Id.* 438. In both cases the meaning was limited in order that the statute might not be so construed as to infringe on the constitutional right of trial by jury. A very interesting discussion of the New York statute, which is similar to ours, is to be found in *Steck* v. *Colorado Fuel and Iron Co.,* 142 *N. Y.* 236. The question is one of great importance, but we do not find it necessary to determine whether this case comes within the purview of section 155 or not. We refer to it simply to say that our failure to decide the question that was argued must not be construed as an approval of the order of reference. In behalf of the plaintiff it may fairly be said that the defendant, by proceeding to trial before the referee, waived any objection on this score.

It is next argued that the evidence did not justify the court in directing a verdict in favor of the plaintiff. If the referee's report was in compliance with the statute, it was *prima facie* evidence of the facts therein found and reported. I think it may well be doubted whether a general conclusion in favor of the plaintiff, couched in the language of this report, is a finding of facts within the meaning of the statute, in view of its apparent object to sift out from a number of items of an account those which are undisputed, and to narrow the controversy to be presented to the jury (*Paulison* v. *Halsey,* 9 *Vroom* 488, 494; *Boody* v. *Pratt,* 39 *Id.* 295);

but this, also, we leave undecided, in view of the fact that the judgment must be reversed upon another ground.

When the defendant filed exceptions to the referee's report, two courses were open to the plaintiff—it might move to strike out the exceptions as improper and to confirm the report or it might treat the exceptions as presenting a case for a jury and proceed to trial. The record shows a demand for a jury trial by the defendant and the ordinary award of a *venire.* The bill of exceptions shows that the plaintiff proceeded to trial, and to sustain the issue on his part offered in evidence the referee's report. Having thus treated the exceptions as presenting an issue to be tried by the jury, the plaintiff could not prevent the defendant from trying the case on his part by the production of witnesses in the usual way. The referee's report is by the statute made *prima facie* evidence, but it is *prima facie* only, and open to proof to the contrary. Moreover, we think the plaintiff was quite right in proceeding to trial as it did, for although the fourth exception is very general, we think a general exception that the report is contrary to evidence is sufficient in a case where the report itself is general, as it is here. To such a report it would be enough to except upon the ground that the referee found for the plaintiff, when upon the evidence he ought to have found for the defendant, and the exception, as framed, amounts to that. The trial judge was therefore in error in refusing to allow witnesses to be sworn on behalf of the defendant, and for this error the judgment must be reversed, and there must be a *venire de novo.*

*For affirmance*—GARRISON, FORT. 2.

*For reversal*—THE CHIEF JUSTICE, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL. 11.