## HARRY N. TAYLOR v. MARY A. THORNTON.

Submitted December 1, 1910 - Decided March 23, 1911.

1. A judgment entered upon the report of a referee is not open to attack upon the ground that the oath taken by the referee did not conform to the requirement of the statute. A party desiring to take advantage of such a defect in the proceeding should do so by applying to set aside the referee's report when it comes in.

2. A judgment so entered will not be reversed upon the ground that the matter in controversy between the parties was not a proper subject of reference, when no objection, upon that ground, was raised at the time the reference was ordered, or during the proceedings before the referee.

On error to the Union Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and MINTURN.

For the plaintiff in error, *John J. Stamler.*

For the defendant in error, *Paul Q. Oliver.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action upon a mechanics' lien. When the case came on for trial the Circuit Court directed a reference upon the ground that matters of account were involved. Frederick Staggart was appointed referee; the case was heard before him and he submitted his findings. No exception to the referee's report was taken by either party and a judgment was entered thereon in favor of Taylor and against Thornton. The latter now attacks the validity of the judgment; and her first assignment is that the judgment should be reversed because the referee was not sworn according to the statute in such case made and provided. The statute requires that "In every case referred by rule of court each referee shall, before he proceeds to the business of the reference, take an oath or affirmation faithfully and fairly to hear and examine the cause in question, and make a just and true report according to the best of his skill and understanding." The oath of the referee in the present case appears in the record returned with the writ, and an examination of it discloses that it does not comply with the letter of the statutory requirement, the words "hear and" being omitted, his affidavit being that he would "faithfully and fairly examine the cause in question," &c. Conceding that the oath taken by the referee varies substantially from the provision of the statute, the defendant, if she desired to take advantage of that fact, should have applied to set aside the report for lack of jurisdiction of the referee. *Runyon* v. *Hodges,* 17 *Vroom* 359. This she did not do, but, on the contrary, as has been already stated, made no objec-

tion to the report when it came in and permitted judgment to be entered upon it. It is now too late to challenge the qualification of the referee. *Hoboken* v. *Laverty,* 31 *Id.* 86.

It is further assigned for error that the Circuit Court improperly directed a reference, for the reason that the cause did not involve matters of account. That a suit to enforce a mechanics' lien may be the proper subject of a reference, under section 155 of the Practice act (*Pamph. L.* 1903, *p.* 579), was decided by the Court of Errors and Appeals in *New York Metal Ceiling Co.* v. *Kiernan,* 44 *Vroom* 763. Whether or not the present case was a proper one for a reference depends altogether upon what were the facts in litigation, and of this we have no evidence from the record returned to us. But assuming it to be true that the contest in this case did not involve matters of account solely the judgment will not be reversed upon that account, for no objection upon that ground was made when the reference was ordered. In the Kiernan case, *supra,* a similar ground for reversal was advanced. The Court of Errors and Appeals refused, however, to pass upon the question as to what was embraced within the statutory phrase "matters of account" for the reason that the defendant had proceeded to trial before the referee without objection; the court holding that by doing so he had waived any right to challenge the validity of the reference.

It is further assigned for error that the present judgment was entered by the plaintiff without notice to the defendant. This assignment may be disposed of by saying that there is nothing in the record which shows that this was a fact, and that no presumption arises in favor of the defendant upon this point. On the contrary, the presumption is that all things were rightly done by the Circuit Court.

The judgment under review will be affirmed.