LORENZO C. ADAMS, PLAINTIFF IN ERROR, v. BOARD OF EDUCATION OF MONTVALE, DEFENDANT IN ERROR.

Argued March 11, 1912—Decided June 20, 1912.

1. Where a cause is referred under section 155 of the Practice act, and a party desires to reserve his right to trial by jury, a dissent filed after the reference has been suggested but a day in advance of the formal order of reference is not premature.
2. It is the duty of the clerk to keep the minutes of the court, and where a party files a dissent reserving his right to trial by jury under section 155 of the Practice act, the clerk should make the proper entry in the minutes, and upon his failure to do so the court should order it entered *nunc pro tunc*.

---

On error to the Bergen Circuit Court.

The plaintiff sued to recover for the erection of a school house. Although the bill of particulars disclosed that he sought to recover only the amount of two certificates by the architect and two small items of extras, the trial judge conceived that matters of account were in controversy and ordered a reference. To this both parties dissented and filed dissents with the clerk, but no reservation was entered in the circuit minutes as required by section 155 of the Practice act. *Comp. Stat., p.* 4101.

The plaintiff's dissent was filed upon the opening day of the term, apparently when the trial judge had indicated that

*ff*

he would refer the case, but a day before he had made the formal order. Both parties participated in the trial before the referee. His report was adverse to the plaintiff, who filed exceptions, and demanded a trial by jury. Thereupon the court, without striking out the exceptions and without paying attention to the demand for a jury, confirmed the report and ordered judgment. The plaintiff noticed the case for trial, but the court struck it off the list.

. For the plaintiff in error, *Merritt Lane.*

For the defendant in error, *Vreeland, King, Wilson & Lindabury.*

The opinion of the court was delivered by.

SWAYZE, J. That this case was not the proper subject of a reference and that the plaintiff by going to trial before the referee, waived the objection, is sufficiently shown by *New York Metal Ceiling Co.* v. *Kiernan,* 44 *Vroom* 763, and the cases there cited. The right of the trial court to ignore the exceptions to the referee's report and thereby to deprive the plaintiff of his right to a jury trial is the point now in question. This action can be vindicated only in case the party failed to reserve his right to trial by jury. The case already cited held that a dissent such as the plaintiff filed in this case, is sufficient, and the only remaining objections are— *first,* that the dissent was filed in advance of the order of reference; *second,* that it was not entered in the minutes. We think the first objection too technical. The statute requires that the reservation of the right to trial by jury be entered in the minutes at the time of ordering the reference, but we see no objection to a party filing his dissent as soon as it is suggested that the case be referred in order that the clerk may make the proper entry in the minutes as soon as the reference is in fact ordered. This suggests the answer to the second objection. It is the duty of the clerk to keep the minutes of the court. *Comp. Stat., p.* 1522, *pl.* 23. And although it often happens where the clerk's office is readily accessible to

attorneys that the actual writing is done by the attorneys or their clerks, the minutes are in the custody and keeping of the clerk, and the attorneys act as his agent just as they act in sealing and testing a summons. *Updike* v. *Ten Broeck,* 3 *Vroom* 105. Where the clerk's office is not readily accessible to the attorney as in the case of the clerk of the Supreme Court, or in cases where the attorney lives and does business in another county, we think the usual custom is for the attorney to draw up the rule and mail or deliver it to the clerk who thereupon makes the entry in the minutes. This is the strictly correct method; the former is permissible by usage as a matter of convenience. An illustration is found in the case of an appeal from a justice's court to the Common Pleas in *Thompson* v. *Pippilt,* 3 *Harr.* 176. There the attorney requested the clerk to enter the rule and he undertook but failed to do so. The court said: "The appellant was in no default. He had done all he was bound to do. He had moved for the rule in open court, and when granted he requested or directed the clerk to enter it, and handed him the papers for that purpose. True, the counsel for the appellant might, if he had access to the minutes, have entered the rule himself, as is usually done. But he was not bound to do it." The case of *Wells* v. *Stackhouse,* 2 *Id.* 356, is explained on the ground of laches and in the later case of *Ferguson* v. *Kays,* 1 *Zab.* 431, the court said it entertained no doubt that the court would have allowed a *mandamus* in Wells *v.* Stackhouse if the counsel who applied for it had not suffered a delay of three terms before he made the application. In the present case counsel for the plaintiff was diligent. He dissented as soon as a reference was suggested. He filed a dissent stating that "the plaintiff's dissent to the above reference is hereby entered." The clerk should have made the entry in the minutes; his failure to do so should have been corrected by the court ordering it entered *nunc pro tunc.* The plaintiff filed his exceptions to the referee's report in time, and prayed for trial by jury; and gave notice of an application to the judge for a *venire.*

The judge nevertheless confirmed the referee's report and judgment was entered. The plaintiff has thereby been deprived of the trial by jury secured to him by the constitution and the statute merely through the failure of the clerk. This error requires a reversal of the judgment in order that a *venire* may issue and the case be tried before a jury.

In dealing with the meritorious question, we must not be considered as sanctioning the form in which the case is presented to this court.

*For affirmance*—PARKER, KALISCH, JJ.   2.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ.   13.