ROGERS-EBERT COMPANY, A CORPORATION, PLAINTIFF-RESPONDENT, v. CENTURY CONSTRUCTION COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October 25, 1940—Decided January 28, 1941.

For the plaintiff-respondent, *Richard J. Fitzmaurice.*

For the defendant-appellant, *Harry Kay.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from a judgment of the Supreme Court affirming a judgment of the Essex County Circuit Court in favor of the plaintiff-respondent and against the defendant-appellant.

The respondent sued on a contract and alleged in its complaint that its assignor, Zwigard, entered into a written contract with the defendants Epstein and Century Construction

Co., to furnish labor and materials in the construction of a certain house; that some payments were made leaving a balance of $1,650; that the plaintiff furnished the materials and Zwigard assigned his claim for $1,650 to the plaintiff; and the plaintiff demanded payment of the same, with interest and costs. There was endorsed on the complaint a demand for affidavits of merits. The summons was tested September 24th, 1937.

The defendant Epstein filed an affidavit of merits and issue was finally joined between the plaintiff and him on an amended answer and counter-claim, setting up another alleged contract between Epstein and Zwigard for the same work, and other necessary subsequent pleadings.

The appellant filed no affidavit of merits or answer, but the plaintiff, although entitled thereto, did not move for a judgment by default under the rules and *R. S.* 2:27-191 *et seq.*, *N. J. S. A.* 2:27-191.

On November 1st, 1939, the trial court, apparently on its own motion, so far as the printed record discloses, ordered a reference pursuant to *R. S.* 2:27-178; *N. J. S. A.* 2:27-178. On the same day counsel for the defendants filed a dissent to the reference and a reservation of a right to trial by jury for both defendants, relying upon *R. S.* 2:27-179; *N. J. S. A.* 2:27-179. This was the first appearance of the appellant in the cause and we make no comment on its effect, except to observe that in so far as the appellant was concerned there was, as to it, no triable issue under the pleadings.

The matter then came on before the referee and counsel noted an appearance for both defendants. During the course of the hearing, the respondent moved for judgment against the appellant upon the ground that it had failed to file an answer. This motion was improper, *R. S.* 2:27-193; *N. J. S. A.* 2:27-193. However, and we quote from the record: "The attorney for the defense had expressly stated on the record that he appeared on behalf of both defendants. He pleaded surprise and moved for leave to file an answer for the corporation upon the ground that the failure to do so was inadvertent. Disposition of all of these motions was reserved." Referee's Report, S. C., p. 58 ll. 38, &c. All par-

ties then proceeded with a trial on the merits of the substantive questions of law and fact which the parties conceived to be in dispute.

The referee found that a contract existed between Zwigard and the appellant, and that there was due and unpaid to the respondent by the appellant, the net sum of $1,245.60, plus interest, making a total of $1,416.96, after allowing certain costs of the appellant in completing the work due to omissions of the respondent's assignor. The referee filed his report on December 9th, 1939, and noted therein that while the appellant had failed to file an answer, the respondent had not ruled the appellant to plead—the record does not show whether the appellant ever filed an answer or any other defensive pleading.

Voluminous objections and exceptions were taken to the report and the appellant urged, among other things, that the matter be re-referred to the referee. The trial court by order of January 22d, 1940, dismissed the exceptions and objections and ordered that the above mentioned final judgment be entered.

The record shows that no demand for a jury trial was filed in the same term in which the report was filed, as is required by *R. S.* 2:27-179; *N. J. S. A.* 2:27-179.

The first point raised by the appellant is that the trial court erred in referring the cause to a referee because the issues presented were not *matters of account*. We find it unnecessary, with the uncertain record before us, to discuss that question and express no opinion with respect thereto. *Cf. New York Metal Ceiling Co.* v. *Kiernan,* 73 *N. J. L.* 763, 765; 65 *Atl. Rep.* 444.

We conclude the question is not before us. Whatever benefit, if any, the appellant derived from the filing of its dissent to the reference under the pleadings, as they existed on that date, it waived when it entered a general appearance before the referee, moved for leave to file an answer, proceeded with the trial before the referee on the merits, urged that the matter be re-referred in exceptions to the report, failed to demand a jury trial within the prescribed period, and finally failed at any time to file its answer. *Rodgers* v. *Harelick & Harelick, Inc.,* 124 *N. J. L.* 577, 578; 12 *Atl. Rep.* (2d) 863.

The next point raises the question whether the parol evidence rule was violated. The Supreme Court said it was immaterial, but appellant now points out a distinction, which would seem to render it a substantial question and one that should be decided if appellant is entitled to have it reviewed and if it is properly before us. But it is not. The testimony and other evidence was not incorporated in the state of the case, and we are unable to determine whether error was committed. Did it come in without objection, or under circumstances clearly warranting its introduction. We cannot say.

The other points argued have been examined and likewise found without merit.

The judgment, therefore, is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CASE, BODINE, HEHER, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 10.

*For reversal*—DONGES, J. 1.